UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

COMAU, LLC,                          Case No. 2:19-cv-12623-SFC-RSW

     Plaintiff,                       Honorable Stephanie Dawkins Davis
                                     Magistrate Judge R. Steven Whalen
v.

BLUE CROSS BLUE SHIELD OF
MICHIGAN,

     Defendant.

---

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

## <u>TABLE OF CONTENTS</u>

INDEX OF AUTHORITIES.........................................................................ii

CONCISE STATEMENT OF ISSUES PRESENTED ............................................iv

CONTROLLING OR MOST APPROPRIATE AUTHORITIES............................v

I.   INTRODUCTION ........................................................................................1

II.  FACTUAL AND PROCEDURAL BACKGROUND ..................................2

    A.   HISTORY OF THE PARTIES. ......................................................................2

    B.   BCBSM MISMANAGES PLAN ASSETS BY PAYING IMPROPER CLAIMS.........................................................................................3

    C.   COMAU SUES FOR BCBSM'S BREACH OF A FIDUCIARY DUTY. ..............5

    D.   COMAU'S FIRST AMENDED COMPLAINT. ................................................5

III. LAW AND ARGUMENT...............................................................................7

    A.   LEGAL STANDARD. ................................................................................7

    B.   COMAU'S CLAIMS DO NOT "SOUND IN FRAUD," THUS COMAU DOES NOT NEED TO PLEAD WITH PARTICULARITY. .............................7

    C.   COMAU STATED A CLAIM UNDER ERISA FOR BREACH OF FIDUCIARY DUTY. ...............................................................................10

    D.   COMAU'S BREACH OF FIDUCIARY DUTY CLAIM IS NOT TIME-BARRED UNDER ERISA. ....................................................................14

        1.   BCBSM's Statute of Limitations Argument is Premature. .......14

        2.   BCBSM Concealed That It Was Acting Imprudently And Inconsistent With The Best Interests Of Comau. ....................16

IV.  CONCLUSION.............................................................................................17

# INDEX OF AUTHORITIES

## Cases

*Abbruzzino v. Hutchinson*,
 No. 08-11534, 2009 WL 1015558, at *2 (E.D. Mich. Apr. 15, 2009)..........15

*Allen v. GreatBanc Tr. Co.*,
 835 F.3d 670, 678 (7th Cir. 2016) ..................................................................13

*Bassett v. Nat'l Collegiate Athletic Ass'n,*
 528 F.3d 426, 430 (6th Cir. 2008) ..................................................................7

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544, 570 (2007) ...............................................................................7

*Braden v. Wal-Mart Stores, Inc.*,
 588 F.3d 585, 595 (8th Cir. 2009) ........................................................ 12, 13

*Caputo v. Pfizer*,
 267 F.3d 181, 190 (2d Cir. 2001) ..................................................................16

*Cataldo v. US Steel Corp.*,
 676 F.3d 542, 551 (6th Cir. 2012) ..................................................................9

*Columbia Nat'l Res., Inc. v. Tatum*,
 58 F.3d 1101, 1109 (6th Cir. 1995) ................................................................7

*Comau LLC and Comau LLC Health and Welfare Benefit Plan v. BCBSM*,
 No. 16-cv-12870 (E.D. Mich. 2016) ...............................................................3

*Computer and Engineering Services*,
 2013 WL 1976234 at *5 ................................................................................15

*E. Jordan Plastics, Inc. v. Blue Cross & Blue Shield of Michigan*,
 No. 12-CV-15621, 2013 WL 1876117, at *6 (E.D. Mich. May 3, 2013).....15

*Erickson v. Pardus,*
 551 U.S. 89, 93 (2007) ..................................................................................12

*Gibson v. Branch Banking & Trust Co.*,
 2014 WL 695281, at *3 (W.D.N.C. Jan. 28, 2014)......................................14

*Hi-Lex Controls, Inc. v. BCBSM*,
      751 F.3d 740, 743 (6th Cir 2014) ................................................................2, 3

*In re CMS Energy ERISA Litig.*,
      312 F. Supp. 2d 898, 909 (E.D. Mich. 2004) .................................................8

*In re ERISA AEP Litigation*,
      327 F. Supp. 2d 812, 822 (S.D. Ohio 2004)...................................................8

*In re General Motors ERISA Litigation*,
      2006 WL 897444 (E.D. Mich.) at * 16............................................................9

*Larson v. Allina Health Sys.*,
      350 F. Supp. 3d 780, 791 (D. Minn. 2018) ..................................................14

*McGuire v. Metro. Life Ins. Co.*,
      899 F. Supp. 645 (E.D. Mich. 2012) ............................................................16

*Michaels Bldg. Co. v. Ameritrust Co.*,
      848 F.2d 674, 680 (6th Cir. 1988) ................................................................10

*Picard Chem. Inc. Profit Sharing Plan v. Perrigo Co.*,
      940 F. Supp. 1101, 1114 (W.D. Mich. 1996)................................................10

*Rankin v. Rots,*
      278 F. Supp. 2d 853 (E.D. Mich. 2003) .........................................................8

*Saglioccolo v. Eagle Ins. Co.,*
      112 F.3d 226, 228–29 (6th Cir. 1997) ...........................................................7

*Swierkiewicz v. Sorema N.A.*,
      534 U.S. 506, 512 (2002) ...............................................................................8

## **Rules**

Federal Rules of Civil Procedure 12(b)(6) ...................................................... passim

## **Statutes**

29 U.S.C. § 1113(2) ...............................................................................................16

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

1.    Are claims for breach of fiduciary duty under the Employee Retirement Income Security Act of 1974, ("ERISA"), subject to Federal Rule of Civil Procedure 9(b)'s heightened pleading standard?

    Plaintiff answers: No.

    BCBSM answers: Yes.

2.    Did Comau, LLC ("Comau") plausibly plead a claim for breach of fiduciary duty when Blue Cross Blue Shield of Michigan's ("BCBSM's") own manager, confirmed that BCBSM deliberately and knowingly paid improper healthcare claims using Comau's ERISA-protected plan assets?

    Plaintiff answers: Yes.

    BCBSM answers: No.

3.    Did Comau timely file its Complaint when, as alleged, it filed less than one year from discovering BCBSM's breach of fiduciary duty?

    Plaintiff answers: Yes.

    BCBSM answers: Yes.

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

*Abbruzzino v. Hutchinson*,
    No. 08-11534, 2009 WL 1015558, at *2 (E.D. Mich. Apr. 15, 2009)..........15

*Allen v. GreatBanc Tr. Co.*,
    835 F.3d 670, 678 (7th Cir. 2016) ...................................................................13

*Computer and Engineering Services*,
    2013 WL 1976234 at *5 ..................................................................................15

*E. Jordan Plastics, Inc. v. Blue Cross & Blue Shield of Michigan*,
    No. 12-CV-15621, 2013 WL 1876117, at *6 (E.D. Mich. May 3, 2013).....15

*In re CMS Energy ERISA Litig.*,
    312 F. Supp. 2d 898, 909 (E.D. Mich. 2004) ..................................................8

*Rankin v. Rots,*
    278 F. Supp. 2d 853 (E.D. Mich. 2003) ..........................................................8

29 U.S.C. § 1113(2) ...................................................................................................16

## I. <u>INTRODUCTION</u>

BCBSM is a fiduciary under ERISA. As such, it has a fiduciary duty of care in how it handles the millions of dollars of ERISA plan assets entrusted to it by Comau. BCBSM cannot, for example, carelessly pay healthcare claims, or even worse, deliberately pay claims that it knows are wholly improper and excessive relative to the value (if any) provided. Yet, according to BCBSM's own former manager, Dennis Wegner ("Mr. Wegner"), BCBSM did just that.

BCBSM does not, and cannot, dispute that it is an ERISA fiduciary. Nor can it dispute the allegations that it mismanaged Comau's plan assets. Instead, BCBSM seeks to delay this process by complaining that Comau has not provided a line-by-line accounting of BCBSM's misconduct in the initial pleading. Evidently, BCBSM believes discovery should be completed before the Complaint is filed. Adding to its insincerity, BCBSM (and it alone) already has the detailed accounting. BCBSM processed and paid all the relevant claims. So ironically, it is BCBSM that has the very "particularized" information that it purports to "need" in order to defend itself.

BCBSM's motion is meritless. Comau has no duty to plead breach of fiduciary duty under ERISA with particularity, nor does it have an obligation to furnish BCBSM with the claims detail that BCBSM already has.

1

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   HISTORY OF THE PARTIES.

Years ago, BCBSM began providing administrative services to Comau and Comau's self-funded health benefits Plan ("Plan").  Am. Compl. at ¶ 11; (ECF No. 15, PageID.290).  A self-funded arrangement is one in which the company (Comau in this case) self-insures the healthcare claims of its employees instead of buying an insurance policy.  *Id.* at ¶ 12; (ECF. No. 15, PageID. 291).  The framework for the relationship between Comau and BCBSM was that BCBSM agreed to administer the Plan by paying covered employee healthcare claims on behalf of the Plan, using money provided to it by Comau.   *Id.* at ¶ 13; (ECF. No. 15; PageID.291).  In essence, BCBSM would process and pay claims on behalf of Comau using Comau Plan's assets.  *Id.* at ¶ 14; (ECF. No. 15; PageID.291) In exchange for its services, BCBSM receives an administrative fee, for which Comau receives weekly invoices. *Id.* at ¶ 15; (ECF. No. 15; PageID.291).

Starting in 1993, BCBSM implemented a scheme to secretly obtain more administrative compensation than it was entitled.  *Id.* at ¶ 21; (ECF. No. 15; Page ID.292).  BCBSM marked up hospital claims by as much as 20% and then passed (without disclosing it) the charge onto Comau and its other customers.  *Hi-Lex Controls, Inc. v. BCBSM*, 751 F.3d 740, 743 (6th Cir 2014).  BCBSM kept the

additional amount as hidden administrative compensation ("Hidden Fees").  Am. Compl. at ¶ 122; (ECF. No. 15; PageID.293).

Ultimately, the Sixth Circuit declared "BCBSM committed fraud by knowingly misrepresenting and omitting information about the Disputed Fees in contract documents."  *Hi*-Lex, 757 F.3d at 748.  Like other BCBSM customers, in 2016, Comau brought its own Hidden Fees Case against BCBSM, in *Comau LLC and Comau LLC Health and Welfare Benefit Plan v. BCBSM*, No. 16-cv-12870 (E.D. Mich. 2016), which eventually settled outside of court.

### B.   BCBSM MISMANAGES PLAN ASSETS BY PAYING IMPROPER CLAIMS.

Recently, Comau learned that BCBSM has been paying grossly inflated healthcare claims from healthcare providers ("Providers").  Am. Compl. at ¶ 38; (ECF. No. 15; PageID.296).  BCBSM knows how grossly inflated the Providers' bills are, but willingly pays the improper claims anyway.  *Id.* at ¶ 40; (ECF. No. 15; PageID.296).  As an example:  a Comau employee (an Enrollee/Plan beneficiary) receives a routine urinalysis from a Provider, such as a rehab center. *Id.* at ¶ 39; (ECF. No. 15; PageID.296).  The Provider bills BCBSM for the routine urinalysis, but charges an outrageous fee, which actually costs much less.  *Id.* Knowing the Providers' claims are inflated, BCBSM uses the Plan's assets to pay the Providers' bills. *Id.*

3

Comau was notified about BCBSM's conduct when Mr. Wegner (BCBSM's Account Manager for 18 years) blew the whistle. *Id.* at ¶ 45 (ECF. No. 15; PageID.297). After being notified by BCBSM customers about BCBSM's payment of improper claims, Mr. Wegner investigated the same. *Id.* at ¶ 50; (ECF. No. 15; PageID.298). He confirmed overpayments were occurring. *Id.* at ¶ 51; (ECF. No. 15; PageID.298). Mr. Wegner reported the issue to BCBSM, but was shocked to learn that BCBSM knew that payment of Providers' improper claims was known to happen in the BCBSM's billing system. *Id.* at ¶ 52; (ECF. No. 15; PageID.298). Mr. Wegner was instructed to refrain from alerting BCBSM customers. *Id.* at ¶ 64; (ECF. No. 15; PageID.300). Thereafter, it became evident that Mr. Wegner was being treated poorly for his refusal to remain quiet, resulting in his eventual termination. *Id.* at ¶¶ 67-68; (ECF. No. 15; PageID.300). Subsequently, he filed a lawsuit against BCBSM. *Id.* at ¶ 69; (ECF. No. 15; PageID.300).

As Comau's Account Manager at BCBSM, Mr. Wegner had access to Comau's records, billing, accounting, and healthcare claims information. *Id.* at ¶¶ 60-61; (ECF. No. 15; PageID.299). Based on his personal knowledge of BCBSM's records, and Comau's data at BCBSM, Mr. Wegner confirmed that BCBSM had paid many of Providers' improper claims using Comau's Plan's assets. *Id.* at ¶¶ 62-63; (ECF. No. 15; PageID.299).

### C.   COMAU SUES FOR BCBSM'S BREACH OF A FIDUCIARY DUTY.

On September 6, 2019, Comau filed a complaint against BCBSM, alleging that BCBSM breached its fiduciary duty of care by paying, on behalf of the Plan, improper and inflated healthcare claims. Complaint (ECF No. 1).   In the Complaint, Comau alleged one count for breach of fiduciary duty.  (ECF No. 1; PageID.15-16).   In response, BCBSM filed a Motion to Dismiss for Failure to State a Claim on November 8, 2019.  (ECF No. 9).   Subsequently, Judge Cox ("without expressing any view regarding the merits") ordered that Comau either amend the Complaint, or file a response to BCBSM's pending Motion to Dismiss. (ECF No. 14).

### D.   COMAU'S FIRST AMENDED COMPLAINT.

On December 13, 2019, Comau filed its First Amended Complaint.  (ECF No. 15).  The AC has 60 paragraphs of allegations related to BCBSM's breach of its fiduciary duty of care.   Am. Compl. at ¶¶ 36-96; (ECF No. 15, PageID.295-305).  The AC alleges BCBSM breached its fiduciary duty of care by failing to exercise the care, skill, prudence, and diligence under the circumstances that a prudent fiduciary acting in a like capacity and familiar with such matters would use in paying for healthcare claims.  *Id.* at ¶ 94; (ECF No. 15, PageID.305).

The AC also alleges specific facts that tie BCBSM's breach to Comau, including, among other things, that: (1) Mr. Wegner was a BCBSM account

manager with access to customers' records, billing, accounting, healthcare claims information, and BCBSM's systems and software; (2) Mr. Wegner was alerted by a BCBSM customer of a payment of a Provider's improper claim; (3) Mr. Wegner investigated and discovered BCBSM was grossly overpaying Providers' improper claims; (4) Mr. Wegner brought this issue to BCBSM's management, which confirmed that payments of improper claims was known to happen in BCBSM's billing system; (5) Mr. Wegner confirmed this happened to two other BCBSM customers; (6) As a BCBSM customer, Comau's healthcare claims were subject to BCBSM's processing/billing systems; (7) the very same system failures that gave rise to other overpayments subjected Comau to these same issues; (8) Mr. Wegner was the account manager for Comau's account at BCBSM; (9) Mr. Wegner had access to Comau's records, billing, accounting, and claims information; (10) Based on Mr. Wegner's personal knowledge of BCBSM's records, he confirmed to Comau  it was overcharged by BCBSM; (11) Based on Mr. Wegner's personal knowledge of Comau's data at BCBSM, he confirmed BCBSM has paid improper claims using Comau's Plan's Assets to Providers; and (12) BCBSM knew about BCBSM's payment of Providers' improper claims but did nothing to stop it, nor notified Comau of the issue. *Id.* at ¶¶ 47-72; (ECF No. 15, PageID.297-301).

6

### III.  LAW AND ARGUMENT

#### A.  LEGAL STANDARD.

*Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  However, under Rule 12(b)(6), the complaint is viewed in the light most favorable to the plaintiff, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of the plaintiff.  See *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). "[A] judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations." *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228–29 (6th Cir. 1997) (quoting *Columbia Nat'l Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

#### B.  COMAU'S CLAIMS DO NOT "SOUND IN FRAUD," THUS COMAU DOES NOT NEED TO PLEAD WITH PARTICULARITY.

BCBSM argues that Comau's allegations "sound in fraud."  BCBSM Br. at 11-14; (ECF No. 19, PageID. 569-72).  Wish as it might to be accused of fraud, that is not what the Complaint alleges.  Instead, Comau alleges that BCBSM breached its fiduciary duty of care by paying improper claims received from Providers. Am. Compl. at 17-18; (ECF No. 15, PageID.304-05).

Breach of fiduciary duty claims do not have to be plead with particularity. For example, this Court denied a motion to dismiss when K-mart employees

alleged breach of a fiduciary duty in administration of a 401K plan, and the

defendant argued Rule 9(b) applied. *Rankin v. Rots,* 278 F. Supp. 2d 853 (E.D.

Mich. 2003). This Court held that Rule 8(a) applied:

> While some of the allegations in support of their claim are similar to
> fraud allegations, i.e. that they provided false and misleading
> information, the gravamen of [the plaintiff's] claim is grounded in
> ERISA. The heightened pleading requirement under Rule 9(b) will not
> be imposed where the claim is for a breach of fiduciary duty under
> ERISA. [The plaintiff's] ERISA claims . . . are not disguised fraud
> claims; they are ERISA claims.

*Id.* at 866 (emphasis added). Similarly, this Court held that Rule 8(a), not Rule

9(b), applied to employees' ERISA action against an employer's officers and

directors, arising from decline in value of employer stock held in a retirement plan:

> [T]he claims . . . sounding in fraud have to do with the
> communication of inaccurate information, and the failure to
> disclose transactions which 'rendered the financial statements of
> CMS materially false.' These general allegations are asserting a
> breach of fiduciary duty, not an intent to deceive, as plaintiffs
> contend. The court is not persuaded that plaintiffs have made
> any claims sounding in fraud.

*In re CMS Energy ERISA Litig.,* 312 F. Supp. 2d 898, 909 (E.D. Mich. 2004)

(emphasis added); *see also In re ERISA AEP Litigation*, 327 F. Supp. 2d 812, 822

(S.D. Ohio 2004) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)

(Motion to dismiss denied, reasoning "this Court can discern no reason why,

generally, ERISA plaintiffs should have to meet heightened pleading requirements,

as opposed to the 'simplified notice pleading standard [that] relies on liberal

8

discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."').

The cases BCBSM relies upon are inapposite in that the plaintiffs in those cases <u>did</u> allege fraud. For instance, in *In re General Motors ERISA Litigation*,[1] the Plaintiff's alleged that the defendant "convey[ed] inaccurate information," and "made material misrepresentations." *In re General Motors ERISA Litigation*, 2006 WL 897444 (E.D. Mich.) at * 16 (**Exhibit 1**). Likewise, in *Cataldo v. US Steel Corp.*, Plaintiffs' alleged that in response to Plaintiffs' request for oral and writing assurances, defendant "promised the Plaintiffs they would receive the same such benefits, made misrepresentations, and provided false, inaccurate and/or misleading information to the Plaintiffs." *Cataldo v. US Steel Corp.*, 676 F.3d 542, 551 (6th Cir. 2012).

The single count of the AC does not rest upon, much less even allege, any fraudulent conduct by BCBSM. Instead, Comau alleges that BCBSM was careless and breached its duty of care by paying claims that it knew, or should have known, to be unnecessary, excessive, and otherwise improper.

---

[1] *In re General Motors* points to the *Vess* case and agrees that "Rule 9(b) applies where a plaintiff alleges that a defendant has lied . . . " 2006 WL 897444 (E.D. Mich.) at * 16. Here, the AC does not allege that BCBSM made misrepresentations to Comau. Rather, it alleges that BCBSM knew about the fraudulent claims, did nothing to stop it, and did not notify Comau. Am. Compl. at ¶¶ 52, 64, 65, 66.

Even if this Court concluded that Rule 9(b) applies, Comau should not be required to plead with particularity because the pleading requirements of Rule 9(b) "may be relaxed where information is only within the opposing party's knowledge."[2] *Picard Chem. Inc. Profit Sharing Plan v. Perrigo Co.*, 940 F. Supp. 1101, 1114 (W.D. Mich. 1996) (quoting *Michaels Bldg. Co. v. Ameritrust Co.*, 848 F.2d 674, 680 (6th Cir. 1988)).

BCBSM's motion should be denied.

## C.   COMAU STATED A CLAIM UNDER ERISA FOR BREACH OF FIDUCIARY DUTY.

The AC clearly alleges sufficient facts concerning how BCBSM's claim-processing system is applicable to Comau's case, and how BCBSM breached its fiduciary duty.  Because Comau's allegations are accepted as true for purposes of a Rule 12(b)(6) motion, the following are true:  (1) Mr. Wegner was a BCBSM account manager with access to customers' records, billing, accounting, healthcare claims information, and BCBSM's systems and software; (2) Mr. Wegner was alerted by a BCBSM customer of a payment of a Provider's improper claim; (3) Mr. Wegner investigated and discovered BCBSM was grossly overpaying Providers' improper claims; (4) Mr. Wegner brought this issue to BCBSM's

---

[2] BCBSM as a fiduciary holds all the inside information relevant to this case. Comau does not have access to BCBSM's billing systems and software, nor does it have relevant billing data and health claims data relevant to overpayments.

10

management, which confirmed that payments of improper claims was known to happen in BCBSM's billing system; (5) Mr. Wegner confirmed this happened to two other BCBSM customers; (6) As a BCBSM customer, Comau's healthcare claims were subject to BCBSM's processing/billing systems; (7) the very same system failures that gave rise to other overpayments subjected Comau to these same issues; (8) Mr. Wegner was the account manager for Comau's account at BCBSM; (9) Mr. Wegner had access to Comau's records, billing, accounting, and claims information; (10) Based on Mr. Wegner's personal knowledge of BCBSM's records, he confirmed to Comau  it was overcharged by BCBSM; (11) Based on Mr. Wegner's personal knowledge of Comau's data at BCBSM, he confirmed BCBSM has paid improper claims using Comau's Plan's Assets to Providers; and (12) BCBSM knew about BCBSM's payment of Providers' improper claims but did nothing to stop it, nor notified Comau of the issue.  Am. Compl. at ¶¶ 47-72; (ECF No. 15, PageID.297-301).  Comau also alleged BCBSM breached its fiduciary duties by failing to exercise the care, skill, prudence, and diligence under the circumstances that a prudent fiduciary acting in a like capacity and familiar with such matters would use in paying for healthcare claims.  *Id.* at ¶ 94 (ECF No. 15, PageID.305).

These specific allegations notwithstanding, "Rule 8 does not . . . require a plaintiff to plead 'specific facts' explaining precisely how the defendant's conduct

was unlawful." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009) (citing *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (per curiam)). "Rather, it is sufficient for a plaintiff to plead facts indirectly showing unlawful behavior, so long as the facts pled give the defendant fair notice of what the claim is and the grounds upon which it rests and allow the court to draw the reasonable inference that the plaintiff is entitled to relief." *Id* (citation and quotation omitted).

For instance, dismissal of an ERISA complaint was reversed even though none of the allegations directly addressed the process by which the Plan was managed:

> It is reasonable, however, **to infer from what is alleged that the process was flawed**. Taken as true, and considered as a whole, the complaint's allegations can be understood to assert that the Plan includes a relatively limited menu of funds which were selected by Wal–Mart executives despite the ready availability of better options. The complaint alleges, moreover, that these options were chosen to benefit the trustee at the expense of the participants. **If these allegations are substantiated, the process by which appellees selected and managed the funds in the Plan would have been tainted by failure of effort, competence, or loyalty.** Thus the allegations state a claim for breach of fiduciary duty.

*Braden v. Wal-Mart Stores, Inc*., 588 F.3d 585, 596 (8th Cir. 2009) (emphasis added).

Similarly, a plaintiff sufficiently stated a claim under ERISA that a plan fiduciary breached its duty by failing to conduct an inquiry in to the value of an employer's privately-held stock, "[a]lthough the plaintiffs could not describe in

detail the process [defendant] used, [because] no such precision was essential." *Allen v. GreatBanc Tr. Co.*, 835 F.3d 670, 678 (7th Cir. 2016). "It was enough to allege facts from which a factfinder could infer that the process was inadequate." *Id.*

Here, Comau certainly alleged facts from which a factfinder could infer that BCBSM's payment systems were flawed, resulting in misuse and loss of protected ERISA plan assets. Am. Compl. at ¶¶ 47-72; (ECF No. 15, PageID.297-301).

Additionally, Comau is not required to plead a more specific theory because BCBSM holds the information:

> No matter how clever or diligent, **ERISA plaintiffs generally lack the inside information necessary to make out their claims in detail unless and until discovery commences**. Thus, while a plaintiff must offer sufficient factual allegations to show that he or she is not merely engaged in a fishing expedition or strike suit, **we must also take account of their limited access to crucial information**. If plaintiffs cannot state a claim without pleading facts which tend systemically to be in the sole possession of defendants, the remedial scheme of the statute will fail, and the crucial rights secured by ERISA will suffer. These considerations counsel careful and holistic evaluation of an ERISA complaint's factual allegations before concluding that they do not support a plausible inference that the plaintiff is entitled to relief.

*Braden*, 588 F.3d at 598 (emphasis added); *see also Allen v. GreatBanc Tr. Co.,* 835 F.3d 670, 678 (7th Cir. 2016) ("We agree with the Eighth Circuit: an ERISA plaintiff alleging breach of fiduciary duty does not need to plead details to which she has no access, as long as the facts alleged tell a plausible story"); *see also id .*at 679 ("All the plaintiff must do is to plead the breach of a fiduciary duty,

13

such as prudence, and to explain how this was accomplished."); see also *Gibson v. Branch Banking & Trust Co.*, 2014 WL 695281, at \*3 (W.D.N.C. Jan. 28, 2014) *adopted by* 2014 WL 695306 (W.D.N.C. Feb. 24, 2014) (**Exhibit 2**) ("While Defendant's reasoning may prevail at a later stage of this litigation, the undersigned is not persuaded that Plaintiff's ERISA claim should be dismissed now . . . The undersigned finds Plaintiff's claim(s) to be facially plausible, and will therefore recommend that this matter continue to discovery."); *Larson v. Allina Health Sys.*, 350 F. Supp. 3d 780, 791 (D. Minn. 2018).

Comau sufficiently plead a breach of a fiduciary duty of care, and alleged that BCBSM breached that duty by mismanaging Plan assets.  Any further specificity would require information that Comau cannot access until discovery. Regardless, BCBSM has notice[3] of Comau's claim and can prepare a defense.

**D.  COMAU'S BREACH OF FIDUCIARY DUTY CLAIM IS NOT TIME-BARRED UNDER ERISA.**

**1.  BCBSM's Statute of Limitations Argument is Premature.**

As an initial matter, BCBSM does not dispute that Comau's case was timely filed.  Rather, it seeks to limit the scope of the claim.  BCBSM's Br. at 24-25; (ECF No. 19, PageID.382-83) ("at a minimum the AC must be limited to payments

---

[3] The AC even lists specific BCBSM personnel that knew about the overpayment issue.  Am. Compl. at ¶ 65-66; (ECF No. 15, PageID.300). BCBSM has been sufficiently put on notice.

BCBSM made within six years of the filing of this action."). In doing so, BCBSM asks the Court to make factual determinations about "the date of the last action which constituted a part of the breach or violation," <u>from the face of the AC alone</u>. The Court cannot do so at this stage.  See *Computer and Engineering Services*, 2013 WL 1976234 at \*5 (This Court ruled that it could not conclude "at this stage of the proceedings" whether a plaintiff's ERISA breach of fiduciary claim was time-barred based on the Complaint) (**Exhibit 3**); see also *E. Jordan Plastics, Inc. v. Blue Cross & Blue Shield of Michigan*, No. 12-CV-15621, 2013 WL 1876117, at \*6 (E.D. Mich. May 3, 2013) (**Exhibit 4**)[4] (BCBSM's Motion to Dismiss Plaintiffs' claims pursuant to § 1113 of the ERISA denied); see also *Abbruzzino v. Hutchinson*, No. 08-11534, 2009 WL 1015558, at \*2 (E.D. Mich. Apr. 15, 2009) (Because determining "the date of the last action which constituted a part of the breach" is typically a question of fact, "more often than not, a statute of limitations issue cannot be decided on a motion to dismiss or from the face of a plaintiff's complaint . . . Rather, given the factual issues often involved in such a determination, summary judgment is a more appropriate vehicle.") (**Exhibit 5**).

---

[4] In denying BCBSM's motion to dismiss this Court reasoned: "The early stage of these proceedings compels the conclusion that a decision on when Plaintiffs had 'actual knowledge' of the alleged ERISA violations would be premature. The parties have yet to receive a scheduling order in this case, and it is unclear whether initial disclosures have been exchanged. Thus, the parties have little to no facts to support their respective positions on this issue."  *Id*. at \*4.

The trier of fact will determine at what point BCBSM's payment of Providers' improper claims rose to the level of being a breach of BCBSM's duty to take reasonable steps to ensure it was not squandering Plan assets. The evidence relevant to determining when BCBSM breached its duty of care – none of which appears in the AC – demonstrates why BCBSM's motion is premature under Rule 12 and is properly decided on summary judgment or at trial, after discovery has been completed.

### 2.    BCBSM Concealed That It Was Acting Imprudently And Inconsistent With The Best Interests Of Comau.

Notwithstanding the above, Section 1113(2) of ERISA extends the time period for a plaintiff to file a claim for breach of fiduciary duty in cases of "fraud or concealment," to "six years after the date of discovery of such breach or violation." 29 U.S.C. § 1113(2). "[T]he six-year statute of limitations should be applied to cases in which a fiduciary: (1) breached its duty by making a knowing misrepresentation or omission of a material fact to induce [a plaintiff] to act to his detriment; or (2) engaged in acts to hinder the discovery of a breach of fiduciary duty." *Caputo v. Pfizer*, 267 F.3d 181, 190 (2d Cir. 2001); see also *McGuire v. Metro. Life Ins. Co.*, 899 F. Supp. 645, 659 (E.D. Mich. 2012) (quoting *Caputo*).

At this stage, BCBSM has not even plead the statute of limitations as an affirmative defense and Comau is under no duty to anticipatorily plead facts to a nonexistent defense. Nevertheless, the AC alleges that (1) BCBSM was aware of

16

Providers' improper claims and paid them anyway; (2) Though aware of the issue, BCBSM took no action to stop the payment of improper claims; (3) BCBSM told Mr. Wegner to "stand down" and to refrain from alerting BCBSM customers, including Comau; and (4) Comau did not discover that BCBSM was squandering Plan assets until 2019, when Mr. Wegner filed suit.  Am. Compl. at ¶¶ 52, 64, 65, 66, 67, 71; (ECF No. 15, PageID.298-301).

These allegations are more than sufficient to demonstrate that BCBSM engaged in concealment regarding its breach of its fiduciary duty.  Also, there was no reason for Comau to know that it had a legal claim against BCBSM for squandering Plan assets until Mr. Wegner filed his lawsuit and spoke with Comau. The AC alleges the same.  *Id.* at ¶ 86; (ECF No. 15, PageID.303).[5]

A determination of what limitations period applies necessarily turns on the facts developed during discovery, rendering this entire inquiry premature at the pleading stage.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, this Court should deny BCBSM's Motion to Dismiss.

---

[5] Whether BCBSM concealed its non-fraudulent breach of fiduciary duty is a completely separate issue from whether Comau's underlying claims "sound in fraud."

Respectfully submitted,

VARNUM LLP
Counsel for Plaintiffs

Dated:  February 19, 2020          By:     */s/ Aaron Phelps*
Aaron M. Phelps (P64790)
Business Address, Telephone, and E-Mail:
P.O. Box 352
Grand Rapids, MI  49501-0352
(616) 336-6000
amphelps@varnumlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 19, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

Dated:  February 19, 2020            By:    */s/ Aaron Phelps*
                                     Aaron M. Phelps (P64790)

15961557_1.docx