UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMAU LLC,                                    Case No. 19-cv-12623

      Plaintiff,                              Stephanie Dawkins Davis
v.                                            United States District Judge

BLUE CROSS BLUE SHILED OF
MICHIGAN,

      Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION
TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [#19]**

**I. INTRODUCTION**

      Plaintiff, Comau LLC, brought the present action against Defendant Blue

Cross Blue Shield of Michigan ("BCBSM") alleging breach of fiduciary duty for

paying inflated claims to healthcare providers on Comau's behalf.  Before the court

is BCBSM's Motion to Dismiss Plaintiff's First Amended Complaint for Failure to

State a Claim.  (ECF No. 19).  BCBSM contends that Comau's complaint

allegations sound in fraud; therefore, the complaint must meet the heightened

pleading requirements of Fed. R. Civ. P. 9(b).  BCBSM asserts that the complaint

does not meet the 9(b) requirements.  Comau argues that its complaint alleges a

breach of fiduciary duty claim and does not sound in fraud; as a result, the

complaint is not required to meet Rule 9(b)'s heightened pleading standard.

Pursuant to Local Rule 7.1(f)(2), the court has determined that this Motion is

suitable for determination without a hearing.  For the reasons discussed below, the

Motion is DENIED.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Comau LLC develops and produces automation, manufacturing, and service

products.  (ECF No. 15, PageID.290).  During the time period relevant to this case,

Comau provided health care benefits to its employees through a self-insured

benefit plan (the "Plan").  *Id.*  Comau paid the health care costs of its employees up

to a certain threshold instead of buying an insurance policy.  *Id.* Comau retained

Blue Cross Blue Shield of Michigan several years ago to administer its healthcare

plan.  *Id.*  BCBSM used funds provided by Comau (in the form of prepayments to

a BCBSM-owned bank) to pay covered employee healthcare claims.  (ECF No. 15

PageID.291, ECF No. 21, PageID.493).  Essentially, BCBSM processed and paid

claims on behalf of Comau using Comau's funds.  *Id.*  Comau paid BCBSM an

administrative fee to administer its healthcare plan.  *Id.*

Comau alleges that since at least 1997, BCBSM has paid grossly inflated

healthcare claims on Comau's behalf.  (ECF No. 15, PageID.296).  On September

6, 2019, Comau filed its first complaint in this court.  (ECF No. 1).  The complaint

brought one count of breach of fiduciary duty for BCBSM's alleged failure to

prudently oversee Comau's healthcare plan.  *Id.*  BCBSM filed its first motion to dismiss Comau's complaint on November 8, 2019.  (ECF No. 9).  BCBSM's motion to dismiss asserted that Comau's complaint failed to allege fraud with particularity pursuant to Fed. R. Civ. P. 9(b), that the complaint failed to state a claim for breach of fiduciary duty pursuant to Fed. R. Civ. P. 8(a), and that the claims for payments that were more than six years old were time-barred.  *Id.*  On November 22, 2019, without assessing the merits of BCBSM's motion, Judge Sean Cox entered an Order requiring Comau to either file an amended complaint or file a response to BCBSM's motion to dismiss.  (ECF. No. 14).

Comau filed its First Amended Complaint ("FAC") on December 13, 2019. (ECF No. 15).  The FAC states that Comau discovered that BCBSM was paying inflated claims when BCBCM's account manager, Dennis Wegner, informed Comau of the alleged improper payments.  (*Id.* at PageID.297).  A BCBSM customer alerted Wegner to a large medical bill, prompting Wegner to investigate the bill and discover that BCBSM was grossly overpaying the healthcare provider for medical testing.  (*Id.* at PageID.298).  The FAC alleges that Wegner discovered that BCBSM had overpaid this healthcare provider more than $600,000 within a two-year period.  *Id.*  The FAC states that Wegner alerted BCBSM to the overpayment issue.  In response, BCBSM's management informed Wegner it knew that it paid improper claims but had done nothing to stop it.  *Id.*

Wegner then researched claims and billing for two additional BCBSM customers and found similar overpayments, totaling $125,000 in one case and $75,000 in the other case. *Id.* According to the FAC, Wegner "has personal knowledge" of BCBSM's records and knows that BCBSM overpaid healthcare providers "many thousand dollars" on behalf of Comau. (*Id.* at PageID.299). Wegner brought his concerns about overpayment to BCBSM. However, BCBSM told him not to alert BCBSM customers about its payment of improper claims. (*Id.* at PageID.300). BCBSM terminated Wegner's employment on November 14, 2018. *Id.*

In its FAC, Comau alleges that Wegner had access to BCBSM's customer records, billing, accounting, healthcare claims information, healthcare claims processing system, software, and billing system. *Id.* Further, the complaint asserts that BCBSM used the same processing system, software, and billing system on all of its customer accounts. *Id.* The FAC asserts that BCBSM's systems are organized in a way that guarantees Comau was impacted by BCBSM's overpayment of healthcare claims. (*Id.* at PageID.298). Comau also alleges that many BCBSM employees knew about the improper payments, including Rod Begosa, Lori Shannon, Gary Gavin, and Ken Dallafior. (*Id.* at PageID.300).

Comau's FAC asserts one count of breach of fiduciary duty. (*Id.* at PageID.304). The alleged breaches include, "but [are] not limited to[,]" the following:

(a) [BCBSM] [i]ntentionally and knowingly pa[id] grossly inflated and knowingly inflated healthcare claims to Providers;

(b) [BCBSM] [f]ail[ed] to correct/update its Billing System to avoid Plan assets being used to pay improper charges and conceal[ed] from, and otherwise fail[ed] to disclose to[] Plaintiff the payment of improper claims; [and]

(c) [BCBSM] [f]ail[ed] to exercise the care, skill, prudence, and diligence under the circumstances that a prudent fiduciary acting in a like capacity and familiar with such matters would use in paying for healthcare claims.

(*Id.* at PageID.305). Throughout the FAC, Comau consistently states that BCBSM knew that it was paying inflated claims. (*Id.* at PageID.296, 298, 300, 301). The FAC also posits that BCBSM recklessly paid healthcare providers with Plan assets. *Id.* at PageID.301. Additionally, the FAC alleges that BCBSM has misrepresented itself as a leader in fraud prevention. (*Id.* at PageID.303, 304). The FAC further asserts that BCBSM's payment of claims it knew were improper is inconsistent with health insurance industry standards. (*Id.* at PageID.302).

Comau's FAC states that, as an example, a Comau employee receives a urinalysis from a healthcare provider. (ECF No. 15, PageID.296). The provider then charges $18,000 for the test—a grossly inflated amount—and bills BCBSM. *Id.* BCBSM then uses Comau's Plan assets to pay the inflated bill. *Id.*

On January 31, 2020, this case was reassigned to the undersigned.  BCBSM

filed the present Motion to Dismiss Plaintiff's First Amended Complaint for

Failure to State a Claim on January 15, 2020.  (ECF No. 19).  BCBSM accepts

Comau's factual allegations as true for purposes of the Motion.  (*Id.* at

PageID.362).  BCBSM argues that the FAC contains the same deficiencies as

Comau's first complaint.  According to BSBSM, the FAC's breach of fiduciary

duty claim is grounded in fraud; therefore, Federal Rule of Civil Procedure 9(b)

governs, and the FAC fails to meet 9(b)'s strict pleading standard.  (*Id.* at

PageID.369).  Alternatively, if this Court finds that the FAC as a whole is not

subject to Rule 9(b), BCBSM contends that the Court should dismiss any

allegations of fraud that Comau has inadequately pleaded.  (*Id.* at PageID.377).

Next, the Motion states that the FAC also fails to adhere to the pleading

requirements of Rule 8(a).  (*Id.* at PageID.378).  Finally, BCBSM  contends that

the statute of limitations bars any claims that are based on payments made more

than six years before the filing of this action.  (*Id.* at PageID.382).

In response, Comau contends that the claims in its FAC do not sound in

fraud.  Therefore, the claims do not need to adhere to the particularity requirements

of Rule 9(b).  (ECF No. 21, PageID.498).  However, if the court determines that

9(b) does apply, Comau asserts that this court can relax the requirements where

information is only known by the opposing party.  (*Id.* at PageID.501).  Second,

Comau argues that its FAC conforms to the requirements of 8(a).  (*Id.* at

PageID.501).  Lastly, Comau states that the court cannot determine if its FAC is

time-barred at this stage because the trier of fact must determine when BCBSM

breached its duty of care—and thus, when the statute of limitations has run.  (*Id.* at

PageID.507).  Further, Comau states that a determination of what limitations

period applies depends on the facts developed during discovery.  (*Id.* at

PageID.508).  BCBSM filed a reply largely reiterating the points set forth in its

original Motion.  (ECF No. 22).

## III. Legal Standard

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint

must state "a short and plain statement of the claim showing that the pleader is

entitled to relief."  *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir.

2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  This

standard does not require "detailed factual allegations."  *Id.*  However, it does

require more than "labels and conclusions" or "a formulaic recitation of the

elements of a cause of action."  *Id.*

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss.  The

Court must construe the complaint in favor of the plaintiff, accept the allegations

of the complaint as true, and determine whether plaintiff's factual allegations

present plausible claims.  *See* Fed. R. Civ. P. 12(b)(6).  To survive a motion to

dismiss, a complaint must "allege enough facts to make it plausible that the defendant bears legal liability." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016). The facts need to make it more than "merely possible that the defendant is liable; they must make it plausible." *Id.* "Bare assertions of legal liability absent some corresponding facts are insufficient to state a claim." *Id.* A claim will be dismissed "if the facts as alleged are insufficient to make a valid claim or if the claim shows on its face that relief is barred by an affirmative defense." *Riverview Health Inst., LLC v. Med. Mut. Of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

Federal Rule of Civil Procedure 9(b) governs the pleading standards for fraud and mistake claims. The Rule requires that a party "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Sixth Circuit has interpreted Rule 9(b) to require "plaintiffs to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 551 (6th Cir. 2012).

## IV. DISCUSSION

### A. Applicable Pleading Standard

This court must first determine whether Fed. R. Civ. 8(a) or 9(b) applies to the allegations in Plaintiff's FAC. To do so, the court must ascertain whether the FAC

alleges a breach of fiduciary duty or fraud claim.  BCBSM asserts that the FAC

sounds in fraud and should be governed by the pleading standards of Fed. R. Civ.

P. 9(b).  Alternatively, BCBSM contends that this court should dismiss the portions

of the FAC that assert claims sounding in fraud.  Comau responds that its claims

do not sound in fraud and therefore do not need to meet the pleading requirements

of 9(b).  Alternatively, Comau argues that if the court finds that its claims do sound

in fraud, it should not be required to meet the 9(b) standards because BCBSM

holds all of the inside information relevant to this case.

The Sixth Circuit has looked to the elements of common-law fraud when

assessing whether a complaint sounds in fraud.  *See Cataldo v. U.S. Steel Corp.*,

676 F.3d 542, 551 (6th Cir. 2012).  In *Cataldo*, the complaint alleged a breach of

fiduciary duty, but the Sixth Circuit concluded that the primary theory of liability

sounded in fraud where the plaintiffs alleged that defendants gave false

representations about how plaintiffs' retirement would be calculated.  *Id.* The

Court noted that a different group of plaintiffs did not allege detrimental reliance

on the defendants' alleged misrepresentations, which is "an essential element in a

claim of fraud." *Id.* at n.7.

The elements of common-law fraud are: "(1) a material false representation or

omission of an existing fact; (2) knowledge of falsity; (3) intent to defraud; (4)

reasonable reliance; and (5) damages."  *Caputo v. Pfizer, Inc.*, 267 F.3d 181, 191

(2d Cir. 2001).  Following the *Cataldo* court, this court will assess whether the allegations in the FAC meet the elements of common-law fraud in order to determine whether the FAC sounds in fraud.

The FAC alleges one count of breach of fiduciary duty and asserts that BCBCM breached its fiduciary duty in several ways.  The alleged breaches include, "but [are] not limited to[,]" the following:

> (d) [BCBSM] [i]ntentionally and knowingly pa[id] grossly inflated and knowingly inflated healthcare claims to Providers;
> (e) [BCBSM] [f]ail[ed] to correct/update its Billing System to avoid Plan assets being used to pay improper charges and conceal[ed] from, and otherwise fail[ed] to disclose to[] Plaintiff the payment of improper claims; [and]
> (f) [BCBSM] [f]ail[ed] to exercise the care, skill, prudence, and diligence under the circumstances that a prudent fiduciary acting in a like capacity and familiar with such matters would use in paying for healthcare claims.

(ECF No. 15, PageID.305).  Additionally, the FAC repeatedly states that BCBSM knew that it was paying inflated claims on behalf of Comau.  (*Id.* at PageID.296, 298, 300, 301).  It further asserts that BCBSM recklessly paid healthcare providers with Plan assets and that BCBSM has misrepresented itself as a leader in fraud prevention.  (*Id.* at PageID.301, 303, 304).  The FAC asserts that BCBSM's payment of claims it knew were improper is inconsistent with health insurance industry standards.  (*Id.* at PageID.302).

Comau expressly disclaims that it is claiming fraud, and it cites several cases decided within this district in which the court concluded that ERISA breach of

fiduciary duty claims did not sound in fraud and were subject to the 8(a) pleading requirements.  For instance, in *Rankin v. Rots*, the plaintiffs alleged several breaches of fiduciary duty against the officers and directors of their employer.  278 F. Supp. 2d 853, 853 (E.D. Mich. 2003) (Cohn, J.).  The plaintiffs alleged breaches of fiduciary duty, including, "[i]nvesting in an unreasonably large percentage of the Plans' assets[,]" "[f]ailing to investigate and monitor the merits of . . . investments[,]" "[f]ailing to take steps to eliminate or reduce the amount of Company Stock in the Plan," "[f]ailing to give Plan participants accurate, complete, non-misleading and adequate information about the compositions of the Plan's portfolios and [the employer's] true financial condition[,]" "[a]llowing continued investment in the Company Stock Fund, when a reasonable fiduciary would have know[n] the investment was not prudent[,]" and "[c]ompelling continued investment of employer matching contributions in the Company Stock when a reasonable fiduciary would have know[n] the investment was imprudent[.]" *Id.* at 863.  The court concluded that the plaintiffs' breach of fiduciary duty claims did not sound in fraud.  *Id.* at 866.  The court reasoned that some of the allegations that alleged providing false and misleading information in the complaint sounded similar to fraud claims, but the "gravamen" of the breach of fiduciary duty claim was grounded in ERISA.  *Id.*

The court also found that the plaintiffs' breach of fiduciary duties claim did not sound in fraud in *In re CMS Energy ERISA Litigation*.  312 F. Supp. 2d 898, 909 (E.D. Mich. 2004) (Steeh, J.).  The plaintiffs in *CMS Energy* were ERISA plan holders and the defendants were employers and the employers' officers.  The plaintiffs alleged that the defendants communicated inaccurate information and failed "to disclose transactions which rendered the financial statements of the employers materially false." *Id.*  The court reasoned that the plaintiffs' allegations asserted a breach of fiduciary duty, and not an intent to deceive. *Id.*

However, the Sixth Circuit agreed with the district court that one count of plaintiffs' complaint sounded in fraud where the plaintiffs alleged that the defendant issued misleading statements about its revenues because the revenue numbers were inflated by non-compliance with Generally Accepted Accounting Principles. *Indiana State Dist. Council of Laborers & Hod Carriers Pension & Welfare Fund v. Omnicare, Inc.*, 583 F.3d 935, 941, 948 (6th Cir. 2009).

BCBSM also cites courts in the Northern District of California to advance their proposition that the FAC sounds in fraud.  The Northern District of California found that a breach of fiduciary duty claim sounded in fraud where "the gravamen of the [p]laintiff's Amended Complaint [was] that [the defendants] breached [their] fiduciary duties to the Plan by disseminating misleading and incomplete information to Plan participants, and failing to inform participants . . . of material

information regarding participants' investments in Company stock." *In re Calpine Corp. ERISA Litig.*, No. C 03-1685 SBA, 2005 WL 3288469, at *7 (N.D. Cal. Dec. 5, 2005) (internal quotations omitted); *see also Vivien v. Worldcom, Inc.*, No. C 02-01329 WHA, 2002 WL 31640557, at *6 (N.D. Cal. July 26, 2002). In *Vivien*, the plaintiffs' complaint alleged that the defendants made "false, misleading, incomplete, and inaccurate disclosures and representations to the Plans' participants . . . ." The court found that "[c]ontrary to plaintiffs' contention, the third claim clearly sounds in fraud." *Id.* at *7.

The gravamen of Comau's FAC alleges that BCBSM knowingly paid inflated healthcare claims to providers on behalf of Comau and that it failed to update its billing system to avoid the payment of improper claims. These allegations do not trace the elements of common-law fraud. Namely, the FAC's allegations do not assert a material false representation, an intent to defraud, or reasonable reliance.

The FAC does use the word fraud in various spots throughout the complaint. *See, e.g.*, ECF No. 15, PageID.301, 302 ("Providers submitting [incorrect] claims are considered to be fraudulent[,]" "BCBSM's own website warns the public about the dangers of health care fraud."). However, the FAC's use of the word fraud is primarily used when it describes the submission of incorrect claims by healthcare providers, and not BCBSM's actions. The FAC also alleges that BCBSM's payment of inflated claims is inconsistent with the representations that it makes to

-13-

its customers, and that BCBSM provided Comau with "limited reporting information" concerning its practice of paying providers' inflated claims.  (ECF No. 15, PageID.303).  While the allegations about BCBSM's representations and limited reporting information may sound similar to a fraud claim, the FAC's breach of fiduciary duty claim is still grounded in ERISA, similar to the conclusion of the *Rankin* court.  Unlike the allegations in *Omnicare, Inc.*, *In re Calpine Corp.*, and *Vivien*, the allegations in this case do not primarily allege that BCBSM issued misleading statements.  The gravamen of the FAC does not allege an intent to deceive and therefore does not sound in fraud—this is similar to the conclusion reached by the *CMS Energy* court.

The FAC's allegations do not meet the elements of common law fraud, nor do the allegations primarily allege that BCBSM circulated misleading and incomplete information.  The court finds that the FAC alleges a breach of fiduciary duty claim and not fraud.  Therefore, the FAC is subject to the 8(a) pleading standard.

B. Sufficiency of the FAC Claims under Fed. R. Civ. P. 8(a)

Next, BCBSM claims that the court should dismiss Comau's amended complaint because it does not meet the pleading requirements of Fed. R. Civ. P. 8(a).  (ECF No. 19, PageID.378).  BCBSM asserts that Comau's FAC does not meet the pleading requirements because the only facts alleged in the FAC are facts that are borrowed from Wegner's whistleblower complaint.  (*Id.* at PageID.379).

BCBSM contends that the FAC alleges that a provider fraudulently overbilled a different BCBSM customer for routine medical testing and then tries to tie these overbillings to Comau by alleging that BCBSM uses the same technology and software to process, bill, and pay all of its client healthcare claims. *Id.* BCBSM then argues that the bare allegation that it uses the same claims-processing software for all of its customers, without alleging how the software functions or how a prudent software system would function, cannot support an inference that it acted imprudently. *Id.* BCBSM asserts that Comau has failed to allege facts sufficient to establish that a prudent fiduciary would have prevented such overpayments. (*Id.* at PageID.380). BCBSM also states that Comau's lack of facts about BCBSM's alleged claims-processing system function failures is particularly striking because information regarding BCBSM's methods and actual knowledge is not only in BCBSM's possession, but also in Wegner's possession—and Wegner is working in cooperation with Comau. (*Id.* at PageID.381).

Comau argues that its FAC meets the pleading requirements. (ECF No. 21, PageID.501). Comau states that its allegations that Wegner discovered BCBSM overpayments, brought the overpayments to BCBSM's attention, confirmed that Comau was subject to the same system that overbilled other BCBSM customers, and confirmed that BCBSM paid overbilled claims on behalf of Comau sufficiently allege that BCBSM breached its fiduciary duty. (*Id.* at PageID.502). Comau also

asserts that it is not required to plead specific facts that explain exactly how
BCBSM's conduct was unlawful.  (*Id.* at PageID.502–03).

To state a claim for breach of fiduciary duty under ERISA, a plaintiff must
allege that "(1) the defendant was a fiduciary of an ERISA plan who, (2) acting
within his capacity as a fiduciary, (3) engaged in conduct constituting a breach of
his fiduciary duty."  *In re Cardinal Health, Inc. ERISA Litig.*, 424 F. Supp. 2d
1002, 1016 (S.D. Ohio 2006); *see also* 29 U.S.C. §1109.  The parties in this case
do not dispute that BCBSM was a fiduciary to Comau acting within its capacity as
a fiduciary when it administered its benefit plan.  (*See* ECF Nos. 15, PageID.291;
ECF No.19).  Therefore, only the third element is at issue here.

The parties, having failed to identify any Sixth Circuit cases directly on point,
cite cases from other circuits on the issue of the sufficiency of the pleadings.  Upon
review of the parties' cited authority, the court finds that Comau's complaint meets
the 8(a) pleading requirements.

To survive a motion to dismiss, a complaint alleging a breach of fiduciary
duties under ERISA must demonstrate facts that raise a plausible inference of
misconduct.  *Agema*, 826 F.3d at 331.  In an ERISA case alleging that a benefit
plan was mismanaged, "a claim alleging a breach of fiduciary duty may still
survive a motion to dismiss if the court, based on circumstantial factual allegations,

may reasonably infer from what is alleged that the process [by which the plan was managed] was flawed." This is because "ERISA plaintiffs generally lack the inside information necessary to make out their claims in detail unless and until discovery commences." *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 718 (2d Cir. 2013) (quoting *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 596 (8th Cir. 2009)) (internal quotations omitted).

Therefore, a breach of fiduciary duty claim under ERISA can survive a motion to dismiss without "well-pleaded factual allegations relating directly to the methods employed by the ERISA fiduciary if the complaint alleges facts that, if proved, would show that an adequate investigation would have revealed to a reasonable fiduciary that the investment at issue was improvident." *St. Vincent*, 712 F.3d at 718 (quoting *In re Citigroup ERISA Litig.*, 662 F.3d 128, 141 (2d. Cir. 2011)) (internal quotations omitted). The court must be able to "infer more than the mere possibility of misconduct" from the factual allegations of a plaintiff's complaint. *St. Vincent,* 712 F.3d at 719. Comau's claim essentially asserts that BCBSM, in paying inflated or otherwise improperly-billed health claims out of its funds, mismanaged the Plan's funds. This is similar to cases challenging an administrator's improvident investments using plan funds. The Seventh Circuit analyzed the sufficiency of an ERISA breach of fiduciary duty claim alleging an

-17-

improvident investment in *Allen v. GreatBanc Tr. Co.*, 835 F.3d 670, 678 (7th Cir.

2016).  In *Allen*, the central allegation of the complaint was that GreatBanc did not

conduct an adequate inquiry into the value of the employer's stock.  *Id.*  The

plaintiffs' complaint did not describe in detail the process that GreatBanc used in

order to value stock.  *Id.*  The Seventh Circuit held that detailing GreatBanc's

process for valuing stock was not necessary in order for the complaint to be

sufficient.  *Id.* at 678–79.  The court reasoned that it was enough that the plaintiffs

"alleged that the stock value dropped dramatically after the sale (implying that the

sale price was inflated), that the loan came from the employer-seller rather than

from an outside entity (indicating that outside funding was not available), and that

the interest rate was uncommonly high (implying that the sale was risky . . . .)."  *Id.*

at 678.  The court concluded that the complaint's facts supported an inference that

GreatBanc breached its fiduciary duty by failing to conduct an adequate inquiry

into the proper valuation of the shares of stock or by facilitating an improper

transaction.  *Id.* at 678–79.

Similar to the complaint in *Allen*, the complaint in this case also alleges that a

process/system is flawed, but does not detail how BCBSM's processing system

that pays healthcare providers works.  The complaint here alleges that BCBSM

grossly overpaid many claims on behalf of Comau, that BCBSM's processing

system is organized in a way that guarantees that BCBSM overpaid claims on

behalf of Comau, and that BCBSM was aware that it was paying inflated claims and failed to correct its billing system to avoid overpayments.  These allegations, although not specific, contain comparable detail to the complaint in *Allen*.

The Eighth Circuit similarly found that an ERISA breach of fiduciary duty complaint met the 8(a) pleading requirements in *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595–96 (8th Cir. 2009).  The complaint in *Braden* alleged that the defendants failed to adequately "evaluate the investment options included in the benefit plan."  *Id.* at 590.  It also alleged that "the process by which the mutual funds were selected was tainted by [the defendants'] failure to consider trustee Merrill Lynch's interest in including funds that shared their fees with the trustee."  *Id.*  The complaint alleged that some or all of the investment options in the plan charged excessive fees as a result of the defendants' failures.  *Id.*  The *Braden* court noted that the plaintiff did not have to plead specific facts that explained exactly how the defendant's conduct was unlawful.  *Id.* at 595.  It was enough to plead facts that "indirectly show[ed] unlawful behavior," as long as the facts gave "the defendant fair notice" of the claim and "the grounds upon which" the claim rested.  *Id.*  Therefore, even though the allegations of the complaint failed to directly address the process by which the plan was managed, it was sufficient to withstand the defendant's motion to dismiss because the court could reasonably

"infer from what [was] alleged that the [defendant's] process was flawed." *Id.* at 596.

Like *Braden*, this case alleges that a process was flawed.  The *Braden* court concluded that the plaintiff did not have to state facts that specifically alleged how the defendant's conduct was unlawful; it was adequate to plead facts that indirectly showed unlawful behavior.  In this case, the complaint does not allege how BCBSM's alleged defective processing system works; instead, it alleges that BCBSM knew that its system was faulty and resulted in the payment of inflated claims; however, BCBSM did not fix its system.  These claims, accepted as true and in the light most favorable to Comau, are enough for the court to infer that BCBSM's process was flawed.

BCBSM asserts that Comau must do more than allege that BCBSM's claims-processing system failed to prevent the payment of all improper healthcare claims. (ECF No.19, PageID.380).  BCBSM contends that Comau cannot just focus on the results, but must focus on the fiduciary's conduct in arriving at a decision.  (*Id.* at PageID.379).  BCBSM cites the Seventh Circuit for this proposition.  *DeBruyne v. Equitable Life Assur. Soc. of U.S.*, 920 F.2d 457, 465 (7th Cir. 1990).  The *DeBruyne* plaintiff alleged breach of fiduciary duty where the defendants lost money as a result of an investment strategy.  *Id.*  The court concluded that "the ultimate outcome of an investment is not proof of imprudence[,]" and dismissed

-20-

the claim. *Id.* The *St. Vincent* court reached a similar conclusion. *St. Vincent*, 712 F.3d at 716 (stating that courts "cannot rely, after the fact, on the magnitude of the decrease in the [plan investment's] price" as evidence of imprudence). This case is distinguishable from *DeBruyne* and *St. Vincent* because Comau is not merely asserting that BCBSM made an imprudent investment decision/plan and overpaid money to providers. Comau is asserting that BCBSM's processing system is defective and led to many overpayments to healthcare providers. Comau also asserts that BCBSM knew about the defect in its processing system—thus implying that a prudent fiduciary would have fixed the defective system in order to prevent overpayments that it knew routinely occurred.

In this case, the FAC alleges that Wegner discovered that BCBSM had paid inflated claims on behalf of several customers. Wegner brought the overpayments to BCBSM's attention and BCBSM told Wegner that it knew that its billing system paid improper claims from providers; however, BCBSM did nothing to stop the improper payments. It alleges that several other BCBSM employees knew that BCBSM was paying inflated claims from providers. Further, the FAC alleges that BCBSM used the same processing system to bill all of its customers; therefore, Comau was subject to the same overpayments on the claims that it paid on behalf of its employees. More important, the FAC states that Wegner has personal

knowledge of BCBSM's records *and knows that it paid inflated claims on behalf of Comau.*

The facts alleged in the FAC, considered together and in the light most favorable to Comau, allow the court to reasonably infer that BCBSM's processing system was flawed and that it paid inflated claims to healthcare providers on behalf of Comau.  If the allegations in the FAC are proved, then they would show that an adequate investigation would have revealed to BCBSM and a reasonable fiduciary that the system was flawed.  *See St. Vincent*, 712 F.3d at 718.  The facts alleged in the FAC also give BCBSM fair notice of Comau's claims against it—the payment of inflated claims and the failure to fix its processing systems in order to prevent the payment of inflated claims.  *Braden*, 588 F.3d at 595.  The facts additionally support an inference that BCBSM breached its fiduciary duty by failing to correct its processing system which it knew resulted in the payment of inflated claims.  *Allen*, 835 F.3d at 678–79.  Therefore, similar to the complaints in *Allen* and *Braden*, the FAC in this case pleads facts that allege a plausible breach of fiduciary duty.

BCBSM asserts that Comau is in possession of information about how the BCBSM claims processing system functions worked and therefore should have alleged those facts in its FAC.  (ECF No. 19, PageID.381).  However, it is not clear to the court that Comau is currently in possession of BCBSM's claims processing

system information.  The FAC alleges that BCBSM's payment of inflated claims became known to Comau after Wegner investigated BCBSM's system and discovered the overpayments.  (ECF No. 15, PageID.297– 98).  It also states that Wegner has personal knowledge that Comau was affected by BCBSM's payment of inflated claims.  (*Id.* at PageID.299).  However, Comau does not claim currently to have any information about BCBSM's systems in its possession.  Further, the FAC states that Wegner is no longer employed by BCBSM (ECF No. 15, PageID.300)—therefore, Wegner does not currently have access to information regarding BCBSM's systems and Comau's FAC need not include information about BCBSM's processing systems.  For the reasons discussed above, the court concludes that the FAC meets the pleading requirements of Fed. R. Civ. P. 8(a) and it will not dismiss the FAC for failure to plead sufficient facts.

C. <u>Statute of Limitations</u>

Lastly, this court must address a statute of limitations issue.  BCBSM asserts that Comau's claims that are based on payments made more than six years before Comau filed this action are untimely.  (ECF No. 19, PageID.382).  Comau contends that BCBSM's statute of limitations argument is premature because it asks this court to make factual determinations about the date of the last action that constituted an alleged breach of fiduciary duty.  (ECF No. 21, PageID.506). ERISA contains the following limitations period:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of-
> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. §1113.  Here, it is unclear from the face of the amended complaint when the last action occurred that constituted an alleged breach of fiduciary duty, or the date on which Comau had actual knowledge of BCBSM's actual breach.  *See e.g.*, *Computer & Eng'g Servs., Inc. v. Blue Cross Blue Shield of Mich.*, No. 12-15611, 2013 WL 1976234, at *4 (E.D. Mich. May 13, 2013) (concluding that it was premature at the motion to dismiss stage to determine the applicable statute of limitations where it was unclear from the complaint when the plaintiffs acquired actual knowledge of the alleged ERISA violations); *E. Jordan Plastics, Inc. v. Blue Cross & Blue Shield of Mich.*, No. 12-CV-15621, 2013 WL 1876117, at *6 (E.D. Mich. May 3, 2013) (same).

Because it is too early for this court to determine when the facts giving rise to the statute of limitations occurred, the court cannot determine at this time what the applicable statute of limitations is.

## V. CONCLUSION

BCBSM brought this Motion to Dismiss moving the court to dismiss Comau's FAC for failure to meet the 9(b) pleading requirements.  This court concludes that the FAC does not sound in fraud; therefore, it is subject to the pleading requirements of Rule 8(a) and not 9(b).  Next, BCBSM moved the court to find that the FAC did not meet the pleading requirements of Fed. R. Civ. P. 8(a).  However, this court finds that the FAC meets the plausibility standard required under 8(a) and puts BCBSM on notice of the claims alleged against it.  Lastly, BCBSM moved the court to find that Comau's claims that are based on payments made more than six years before Comau filed this action are untimely.  This court concludes that undecided factual determinations render it premature to decide when the statute of limitations runs in this case. This conclusion thus does not foreclose the possibility for the issue to be raised once greater factual development has occurred.  For these reasons and the reasons discussed herein, the court will DENY BCBSM's Motion to Dismiss.

SO ORDERED.

Dated:        November 30, 2020

                                         s/Stephanie Dawkins Davis
                                         HON. STEPHANIE DAWKINS DAVIS
                                         United States District Court Judge