UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMAU LLC,

      Plaintiff,                    No. 19-12623

v.                                  District Judge Stephanie Dawkins Davis
                                    Magistrate Judge R. Steven Whalen

BLUE CROSS BLUE SHIELD OF
MICHIGAN,

      Defendant.
                                /

**ORDER**

Defendant has filed a motion for reconsideration [ECF No. 52] of the Court's discovery order of April 19, 2021 [ECF No. 49]. The previous order directed that the discovery at issue be produced within 30 days. Defendant seeks to modify that order to provide 120 days for production.

In support of its motion, Defendant cites the large number of documents to be produced (expected to be over 100,000) and technical issues involved in extracting relevant electronically stored documents. In its response [ECF No. 55], Plaintiff objects to an extension, arguing that Defendant has not met the strict requirements for reconsideration under E.D. Mich. Local Rule 7.1(h). Plaintiff also argues that Defendant

-1-

should have brought up the timing problems earlier, and should not be permitted to revisit the issue in a motion for reconsideration.

I can view this as a motion for reconsideration or a motion to modify my previous order. No matter. This is one of those situations that calls for a practical, common-sense solution that allows the Defendant to collect and produce a large volume of material, allows the Plaintiff to obtain the discovery that I previously ordered, and accomplishes both goals without undue prejudice to either party. I accept defense counsel's statement that is will be difficult if not impossible to produce a large volume of ESI within 30 days. So what will happen if I deny an extension? If the history of this litigation is any guide, Plaintiff will no doubt file a motion for sanctions under Rule 37, and perhaps even ask for a default judgment. Both parties will incur additional expenses, and I'm talking about the parties, not the attorneys. Not to mention the additional expenditure of judicial resources.

I have a better idea. Give the Defendant additional time to get the discovery to the Plaintiff, and then let this case be decided on the merits. Discovery does not close until November 24, 2021, and extending the time from 30 days to 120 days will put the production date at mid-August, leaving a generous amount of time to complete discovery. And a bench trial is not scheduled until June 7, 2022.

Therefore, Defendant's motion [ECF No. 52] is GRANTED, and the time for Defendant to produce the discovery ordered in my previous order [ECF No. 49] is

extended to August 19, 2021.

IT IS SO ORDERED.

.

                                        s/R. Steven Whalen
                                        R. STEVEN WHALEN
                                        UNITED STATES MAGISTRATE JUDGE

Dated: May 12, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on May 12, 2021, electronically and/or by U.S. mail.

                                        s/Carolyn M. Ciesla
                                        Case Manager to the
                                        Hon. R. Steven Whalen