UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| COMAU LLC, | Case No.: 19-12623 |
|               Plaintiff, | |
| v. | Stephanie Dawkins Davis<br>United States District Judge |
| BLUE CROSS BLUE SHIELD OF MICHIGAN, | Curtis Ivy, Jr. |
|               Defendant. | United States Magistrate Judge |
| _____/ | |

**ORDER DENYING MOTION TO QUASH (ECF No. 60) AND HOLDING IN ABEYANCE MOTION FOR PROTECTIVE ORDER (ECF No. 71)**

Plaintiff filed this Employee Retirement Income Security Act case on September 6, 2019. (ECF No. 1). Plaintiff alleges Defendant Blue Cross Blue Shield of Michigan ("BCBSM") breached its fiduciary duty by mismanaging plan assets overpaying healthcare claims. Plaintiff was a BCBSM customer.

Referred to the undersigned for hearing and determination are BCBSM's motion to quash (alternative motion for protective order) third party subpoenas (ECF No. 60) and motion for protective order to maintain confidentiality of its document production (ECF No. 71). The Court held a hearing on the matter on October 5, 2021.

A.    Motion to Quash/Motion for Protective Order (ECF No. 60)

    1.    Background

1

Earlier this year, Plaintiff filed a motion to compel seeking production of documents relating to the investigation into the alleged mismanagement of funds, regardless of whether the documents mention other BCBSM customers. (ECF No. 39). BCBSM did not dispute all the documents; however, it argued customer names should be redacted and information related solely to other customers was not relevant. (ECF No. 44). Judge Whalen ruled that BCBSM must produce discovery related to non-Comau overpayments more generally (but not customer-specific), and identities of other customers could be redated without prejudice to Plaintiff seeking disclosure of the names at a later date if after review of those materials makes the names of the other customers relevant. (ECF No. 49; ECF No. 48, PageID.1113).

Shortly after Judge Whalen entered his order, Plaintiff served document subpoenas on five non-parties: three current BCBSM customers and two entities that serve as those customers' plan consultants ("the Subpoenas"). Plaintiff sought "All communications . . . with Dennis Wegner [the investigator] related to BCBSM's processing and/or payment of healthcare claims in the past five years" and "All documents, including internal and external communication, related to any Refund that you received from BCBSM in the past five years." (ECF No. 60-2, 60-3, 60-4, 60-5, 60-6).

BCBSM argues the Subpoenas are Plaintiff's attempt at an end-run around Judge Whalen's Order in that Plaintiff seeks documents specifically pertaining to non-Comau customers. BCBSM asserts it has already produced or will produce all the data Plaintiff needs to identify alleged overpayments, and the documents from other customers are irrelevant and confidential. (ECF No. 60, PageID.1219-21).

Plaintiff asserts BCBSM's overpayment of claims resulted from a systemic issue hurting its customers across the board, yet BCBSM only notified select customers and fixed the issues for those customers; Comau was not one of those customers. Plaintiff issued the Subpoenas to gather evidence to prove the allegation that BCBSM was aware of the claims processing problem but failed to correct it and actively concealed it. (ECF No. 67, PageID.1357). Plaintiff also argues BCBSM does not have standing to quash the Subpoenas. Finally, Plaintiff argues the Subpoenas are not an attempt to circumvent the Court's Order. The Order did not limit Plaintiff seeking a broader scope of discovery material than the documents at issue in Plaintiff's prior to motion to compel. (*Id.* at PageID.1366-67).

2.   Analysis

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26. Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. Fed. R. Civ. P. 37.

Federal Rule of Civil Procedure 45 governs subpoenas and provides that the court must, upon motion, quash or modify a subpoena if it fails to allow a reasonable time to comply, requires a non-party to travel more than 100 miles, requires disclosure of privileged or protected material, or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A).

"[A] party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought." *Mann v. Univ. of Cincinnati*, 114

F.3d 118 (Table), at *4 (6th Cir. May 27, 1997) (quoting 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (2d ed. 1995)); *State Farm Mut. Auto. Ins. Co. v. Angelo*, 2020 WL 9437463, at *1 (E.D. Mich. Oct. 30, 2020).

The Court finds BCBSM has not established standing to quash the subpoenas. BCBSM merely offered the conclusory assertion that the documents to be produced may contain proprietary business information, such as the terms of its contracts with the third parties, or health-related information. It did not explain how the subpoenaed documents would cause harm to BCBSM, especially considering these documents are in third-parties' possession. BCBSM asserts production would be unduly burdensome on the third parties. However, based on Plaintiff's counsel's assertion, the third parties have not objected to producing the documents, so it would appear production is not as characterized by Defendant.

A protective order, however, is available to *"a party* or by the person from whom discovery is sought." Fed. R. Civ. P. 26(c) (emphasis added). The explicit mention of "a party" in the rule has been interpreted to provide standing for a party to contest discovery sought from third parties. *See Fleet Bus. Credit Corp. v. Hill City Oil Co., Inc.*, 2002 WL 1483879, *2 (W.D. Tenn. Jun.26, 2002) ("Many district courts have acknowledged this aspect of the rule which allows a party to file a motion for protective order on behalf of a non-party"); *see also Schweinfurth*

*v. Motorola, Inc.*, 2008 WL 4981380, at *2 (N.D. Ohio Nov. 19, 2008) ("[C]ourts within the Sixth Circuit have interpreted [Rule 26(c)] to permit 'a party' . . . to seek a protective order [on a third-party's behalf]."). The Court will, therefore, consider BCBSM's motion to the extent it seeks a protective order under Federal Rule of Civil Procedure 26(c).

In order to satisfy the requirements of Rule 26(c), "the moving party must show 'good cause' for protection from one (or more) harms identified in Rule 26(c)(1) 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016) (quoting *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012)); *Beckman Indus., Inc., v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."). "To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Nix v. Sword,* 11 F. App'x 498, 500 (6th Cir. 2001) (quoting *Avirgan v. Hull,* 118 F.R.D. 252, 254 (D.D.C. 1987)) (citations omitted)). Furthermore, "[t]o justify restricting discovery, the harassment or oppression should be unreasonable, but 'discovery has limits and these limits grow more formidable as the showing of need decreases." *Serrano* at 901 (quoting 8A

Charles Alan Wright & Arthur R. Miller *et al.*, Federal Practice and Procedure § 2036 (3d ed. 2012)). Courts have broad discretion at the discovery stage to determine whether a protective order is appropriate and what degree of protection is required. *Seattle Times v. Rhinehart*, 467 U.S. 20, 36 (1984).

As an initial matter, BCBSM interprets Judge Whalen's Order too narrowly. The Order did not completely foreclose the avenue of discovery Plaintiff seeks—it only stated BCBSM need not produce information related to other customers. Further, although the Court allowed BCBSM to redact names of customers in its production, that does not mean Plaintiff must ignore customers it knows exists and who experienced the same systemic failure.

Finally, BCBSM has not demonstrated good cause for a protective order. It made no showing of annoyance, embarrassment, oppression, or undue burden or expense related to the Subpoenas.[1] BCBSM has not articulated facts showing a "clearly defined and serious injury" that would result from the discovery sought. *Nix*, 11 F. App'x at 500. The considerations at play in *Thogus Products Co. v. Bleep, LLC*, 2021 WL 827003 (N.D. Ohio Mar. 4, 2021), cited by BCBSM, are not present here. Unlike in that case, Plaintiff is not seeking documents from nearly all

---

[1] BCBSM likewise failed to demonstrate entitlement to an order quashing the Subpoenas even if it had standing to contest them. A district court must quash a subpoena that "requires disclosure of privilege or other protected matter[s] . . . or subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i-iv).

7

of BCBSM's customers and there is no reason to believe the purpose of the Subpoenas is to harass BCBSM and hurt its business. Moreover, the Court does not agree that the Subpoenas are an attempt to circumvent the Court's Order—the Court has not ruled evidence or the systemic failure and refunds regarding other customers is irrelevant.

The motion to quash or for protective order (ECF No. 60) is **DENIED**.

B.    Motion for Protective Order (ECF No. 71)

Plaintiff challenged BCBSM's confidentiality designation on "more than 100 documents produced by BCBSM." (ECF No. 71, PageID.1479). The 100 documents comprise over 2,000 pages. The list of documents by bates number are found in Exhibit B to Plaintiff's response brief. Still, it is not altogether clear this list comprises the entire dispute. The parties' briefing and argument give the sense that Plaintiff's challenge, like BCBSM's document production, is on a rolling basis—as more documents are produced with confidentiality designations, Plaintiff challenges those designations. BCBSM's counsel intimated that, to date, it has produced over 20,000 documents, for which the confidentiality designations are challenged. The unclear and non-specific nature of this dispute is problematic, as discussed below.

The designations were made pursuant to the stipulated protective order. (ECF No. 38). Since the challenge that precipitated this motion, BCBSM de-

designated some of the documents and explained the basis for maintaining the designation on others. More specifically, BCBSM changed its document review protocol to be more exacting in the designations. A dispute still exists over the documents BCBSM did not de-designate or refine, causing BCBSM to file this motion for protective order to maintain the confidentiality designations.

BCBSM argues Plaintiff violated the terms of the stipulated protective order ("SPO") in two ways. The SPO requires the parties to identify the basis for a challenge to confidentiality designations with specificity and attempt to negotiate a dispute in good faith. (ECF No. 71, PageID.1480). First, BCBSM argues merely listing the bates number of the challenged documents and indicating the documents do not contain confidential information does not specifically identify the issue. Second, according to BCBSM, Plaintiff did not attempt to resolve the issue in good faith. Plaintiff instead declared the parties were at an impasse after BCBSM de-designated only some of the documents and refused to talk further. (*Id.* at PageID.1483-84). BCBSM also asserts Comau's challenge is premature—when it wishes to file a "confidential" document, it may challenge the designation at that time or, if there is no resolution, use the Court's procedures for filing material under seal. (*Id.* PageID.1486).

Plaintiff argues it is BCBSM who carries the burden of demonstrating each document is entitled to the "confidential" designation, and that BCBSM was

9

required but failed to review each document before making the designation. (*Id.* at PageID.1526-27).

The requirements to satisfy Rule 26(c) are thoroughly stated above.

In addition to the federal rules, the parties' SPO also governs this matter. The dispute resolution provision in the SPO states, in pertinent part,

> A party need not challenge the propriety of the designation of material as Confidential at the time of designation. In the event of a dispute concerning this Protective Order, including, but not limited to, a dispute over the designation of specifically identified materials as Confidential, the attorneys for the parties shall first attempt in good faith to negotiate a resolution. If the parties are unable to resolve the dispute, the designating party shall have fourteen (14) calendar days from the date the party opposing the designation confirms in writing an impasse to file a motion pursuant to Fed. R. Civ. P. 26 to continue the designation of the specifically identified materials. . . . In the event of such a dispute, the party designating materials as Confidential bears the burden of justifying that designation.

(ECF No. 38, PageID.656).

At the outset, the Court finds Plaintiff's actions have not violated the SPO. First, the SPO does not prescribe the time in which a party must dispute the designation. In other words, the SPO does not require the disputing party to challenge the designation only when it intends to use the document. The SPO sets for a specific mechanism for challenging confidentiality designations; Plaintiff availed itself of that mechanism. Second, the SPO requires the challenging party

10

to "specifically identif[y the] materials" challenged, not to explain the basis of the challenge. Plaintiff specifically identified by bates number each document it challenges. Moreover, as Plaintiff argued, the basis for the challenge is simply that the document does not contain confidential information. The SPO then gives the designating party, BCBSM, the burden of justifying the designation. Third, the facts are not such that the Court must conclude Plaintiff did not attempt to negotiate in good faith. Plaintiff informed BCBSM of its challenge, BCBSM responded with some de-designations which Plaintiff found unsatisfactory. In an ideal world, the parties could have engaged in another round of discussions, but at bottom Plaintiff attempted to negotiate the challenge.

BCBSM asks the Court to maintain the confidentiality of a yet unclear number of documents. Neither party provided the documents (or even a few exemplars) to the Court for *in camera* review to assess the propriety of the designations. The parties discussed the documents only in general terms, and BCBSM discussed the need for confidentiality in general terms. Rule 26(c) allows the Court to enter a protective order upon a showing of good cause. Given the circumstances, the Court is not prepared to find BCBSM met its burden of demonstrating a need for the protective order. And, as a practical matter, denying the motion could result in de-designating documents that should not be made public, which the Court is also not prepared to do.

Plaintiff's challenge to all or nearly all of the designations encompasses a broad swath of documents.  Although it is not a requirement that Plaintiff intend to use the documents before challenging the designations, the fact that Plaintiff does not intend to use all of the challenged documents in Court filings or during discovery is salient.  If there are thousands of pages of documents that are not pertinent to the dispute, it would not be an efficient use of the Court's time to review them.  The parties are directed to confer on this dispute.  Plaintiff should review its objections and consider tailoring its challenge to the designated documents by identifying those likely to be attached to a Court filing and necessary to engage in the discovery process.  After specifically identifying the reduced number of documents for BCBSM, BCBSM must then undertake a thorough review of the propriety of the designations on those documents.  The Court will hold a **status conference** with the parties on this issue on **November 9, 2021 at 10 a.m**.  The motion for protective order (ECF No. 71) is **HELD IN ABEYANCE**.

    **IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order

to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: October 7, 2021                    <u>s/Curtis Ivy, Jr.</u>
                                          Curtis Ivy, Jr.
                                          United States Magistrate Judge