UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMAU LLC,

                              Plaintiff,

v.

BLUE CROSS BLUE SHIELD OF
MICHIGAN,

                              Defendant.

_____/

Case No.: 19-12623

Bernard A. Friedman
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

## ORDER ON MOTIONS (ECF Nos. 92, 121, 151, 160, 162)

Plaintiff Comau LLC filed this Employee Retirement Income Security Act case on September 6, 2019 against Blue Cross Blue Shield of Michigan ("BCBSM"). (ECF No. 1). This matter was referred to the undersigned for all pretrial proceedings excluding dispositive motions. (ECF No. 91). Before the Court is Comau's motion for leave to file a second amended complaint (ECF No. 160), a motion to seal exhibits related to the motion for leave (ECF No. 162), and discovery motions filed by both parties (ECF Nos. 92, 121, 151). This Order first addresses the motion for leave to amend the complaint and motion to seal related exhibits. For the reasons discussed below, the motions for leave to amend and to seal exhibits are granted. Then, this Order addresses the discovery motions.

A.      Motion for Leave to Amend the Complaint (ECF No. 160)

The exact claims being litigated here has been the subject of arguments and motion practice for some time.  During discovery, BCBSM objected to some requests claiming that they were irrelevant because they did not pertain to the payment of grossly inflated urinalysis bills—the only claim it asserted was raised in the complaint.  Comau sought discovery targeted at BCBSM's claims processing systems and issues raised by its expert about BCBSM's data.  These issues included the payment of bills that were, for instance, upcoded, unbundled, or not medically necessary.  BCBSM maintained that these issues were not part of the First Amended Complaint ("FAC").  So BCBSM filed a motion to compel Comau to align its expert report with the allegations in the FAC or to compel Comau to amend the complaint to add those claims.  (ECF No. 88, 138, 139).  The Court granted that motion in part.[1]  (ECF No. 143).  Comau's view of the FAC was too broad, while BCBSM's view was too narrow.  The Court found that the FAC alleges that BCBSM breached its fiduciary duty by paying inflated healthcare claims and by failing to fix its processing systems to prevent payment of inflated claims.  The FAC was not limited to claims for urinalysis testing and was not limited to claims submitted by non-participating providers.  (ECF No. 143, PageID.5550).  Thus, the FAC related to claims concerning inflated provider bills,

---

[1] This Order was affirmed by the District Judge after Comau filed objections.  (ECF No. 154).

including bills that were upcoded, unbundled, or where the service codes were

mutually exclusive.  (*Id.* at PageID.5553).  The other errors identified by the expert

(duplicate payments, medically unlikely services, missing data fields, and non-

adherence to payment guidelines) do not describe inflated claims for healthcare,

and thus were found irrelevant to the FAC allegations.  (*Id.* at PageID.5554).

A little over a month after the Court issued that Order, Comau moved for

leave to file a Second Amended Complaint ("SAC") under Fed. R. Civ. P. 15(a).[2]

(ECF No. 160).  The SAC includes information about those items found to be

beyond the scope of the FAC, as well as a new claim about BCBSM's Shared

Savings Program ("SSP") under which BCBSM retains 30% of amounts recovered

from overpaid healthcare claims.

Rule 15(a) provides that leave to amend "shall be freely given when justice

so requires."  "Because Rule 15(a) envisions liberal allowance of amendments to

pleadings, there must be some substantial reason justifying denial of the motion."

*Sun Life Assurance Co. of Canada v. Conestoga Trust Servs., LLC*, 263 F. Supp.

3d 695, 697 (E.D. Tenn. 2017) (citing *Smith v. Garden Way, Inc.*, 821 F. Supp.

1486, 1488 n. 2 (N.D. Ga. 1993)).  There are several factors courts consider in

deciding whether to allow amendment: "the delay in filing, the lack of notice to the

---

[2] Comau did not file a copy of the proposed second amended complaint because it is the subject of BCBSM's motion to seal.  Below the Court orders Comau to file the second amended complaint.

3

opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

    1.    Delay

The Sixth Circuit has noted that "delay alone, regardless of its length is not enough to bar" the amendment "if the other party is not prejudiced." *Duggins v. Steak 'N Shake, Inc*., 195 F.3d 828, 834 (6th Cir. 1999) (quotation marks and citations omitted). Amendment after the close of discovery may be considered significant prejudice. *Id.*

Comau argues it did not delay—it did not have final production of documents until November 24, 2021, a prior discovery cut-off date, and it moved to amend one month after the Court's Order on the scope of the FAC. As to the timing of discovery, Comau asserts much of the details about the issues raised in the expert report and about the SSP did not surface until the November 24, 2021 production. And as to the scope of the FAC, it asserts it did not move for leave to amend sooner because it believed all of its claims, except the SSP claim, were encompassed in the FAC.

BCBSM insists it is too late to amend the complaint. It argues that discovery was not delayed, it simply did not get to Comau when Comau wanted it,

that Comau knew the facts needed to plead its claim at the beginning of the

litigation, and that courts routinely deny such motions this late into litigation.

The Court finds no undue delay. To begin, the January 20, 2022, motion

comes before the close of discovery. The Court extended the discovery deadline to

January 24, 2022 in the Order on the motion to align the expert report with the

FAC. (ECF No. 143). On January 25, 2022, the Court held in abeyance the

discovery motions addressed herein until resolution of the motion to amend. (ECF

No. 161). So while the period of open discovery technically closed January 24,

2022, the discovery period is incomplete and there is no per se prejudice.

Second, Comau did not delay in bringing this motion. Throughout

discovery motion practice it maintained that the FAC encompassed all its claims

(except the SSP claim). It is reasonable, then, that Comau did not move for leave

to amend until after the Court determined the scope of the FAC is smaller than it

believed. And there is no reason to doubt that Comau did not learn all the details

of its claims until the production of discovery on November 24, 2021. The motion

to amend came about two months later.

2.    Notice

As for notice, BCBSM cannot be surprised to see all but one of the claims in

the proposed second amended complaint—Comau has been arguing those claims

were part of the FAC for some time. The SSP claim is new, but BCBSM is in

5

possession of the evidence it needs, or can obtain discovery from Comau, to defend against it.  This factor does not weigh against allowing amendment.

      3.     Prejudice

      Even if there were some undue delay, "[d]elay by itself is not sufficient reason to deny a motion to amend."  *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458 (6th Cir. 2001).  To deny amendment the Court would also have to find significant prejudice to BCBSM.  *See Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986).  The Sixth Circuit "has held that allowing amendment after the close of discovery creates significant prejudice, and other Circuits agree."  *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (citations omitted).  But again, this motion does not come after the close of all discovery, so there is no per se prejudice.  In determining potential prejudice, the court considers whether the amendment would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial [or] significantly delay the resolution of the dispute."  *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994).

      BCBSM argues it will suffer undue prejudice from late amendment.  It contends the amendment would restart the clock on many aspects of the litigation and require it to build its case "from the ground up" two years into this litigation, especially as to the new SSP claim.  BCBSM argues amendment would add more time to the litigation.  (ECF No. 164, PageID.6474-79).

The Court knows that this case has been pending since the latter part of 2019 and that allowing a second amended complaint now would add time to the litigation. But the Court is not convinced there will be significant further delay in resolution of this case. Claims that were deemed not part of the FAC and added to the SAC will require additional discovery for both parties, but some discovery has already taken place. For instance, BCBSM has already produced the claims data and Comau's expert has, likely by now, reviewed all the data. Discovery on the SSP claim will be required, but BCBSM likely has much of the information it needs to formulate its defense. And Comau's motions to compel depositions would likely have been granted, at least in part, even without amendment based on the scope of the claims in the FAC, so discovery would continue anyway. The amendment will cause delay in resolution of this case, although a large part of the reason this case has not moved quickly is that the parties have been disputing the sufficiency and scope of the claims since the beginning. Comau also says if leave is not granted it will file a new lawsuit with these claims, which will only serve to truly start the clock anew against BCBSM in a separate litigation. With this SAC, a final amendment, the claims are clear and the litigation will move towards completion. Of course, how much time will be added to the case is unclear. BCBSM asserts that it will likely file a motion to dismiss the SAC or some claims

in it.  If successful, that will obviate the need for discovery on the dismissed issues, speeding the case along.

BCBSM cites *Nolan v. Thomas*, 2018 WL 3122597 (E.D. Mich. June 26, 2018), in part to support the proposition that courts routinely deny these late-filed motions to amend, especially where the moving party has been aware of the facts giving rise to its claims.  There, the court denied the motion for leave to amend the complaint because it was filed after oral argument on dispositive motions and because the plaintiff was aware of the necessary facts of the new claim when the original complaint was filed.  *Id.* at *9-10.  These facts are distinguishable from this case.  This case has yet to pass the discovery phase, so it is not in its "late stages."  All pending scheduling order dates have been adjourned (and discovery is extended below).  (ECF No. 173).  Second, the added detail to the proposed second amended complaint comes from discovery; it was not information known at the time of the original complaint.  As for the SSP claim, the new claim, Plaintiff asserts they learned details about the program in the November 24, 2021 production, and those details form part of the claim.  So unlike in *Nolan*, the Court cannot say Comau was aware of the facts necessary to state a viable claim when they filed the original complaint.

    4.    Bad Motive

The discussion above of Comau's actions shows it did not act in bad faith or with bad motive in bringing this motion.  This factor does not weigh against allowing amendment.

     5.     Repeated Failure to Cure Deficiencies and Futility

There have not been repeated failures to cure deficiencies.  This factor does not weigh against amendment.  BCBSM does not argue amendment would be futile except to assert that it will likely file a motion to dismiss the second amended complaint.

On balance, the factors counsel in favor of granting Comau leave to amend. The motion is **GRANTED**.

B.    <u>Motion to Seal Exhibits</u>

As explained in the Court's Order on prior motions to seal (ECF No. 128), the Sixth Circuit has long recognized a "strong presumption in favor of openness" in court records.  *Rudd Equipment Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)).  The "heavy" burden of overcoming that presumption rests with the party seeking to seal the records.  *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).  The moving party must show that it will suffer a "clearly defined and serious injury" if the judicial records are not sealed.  *Id.* at 307.  This burden must be met even if no

9

party objects to the seal, and it requires a "document-by-document, line-by-line" demonstration that the information in the document meets the "demanding" requirements for the seal. *Id.* at 308.  In delineating the injury to be prevented, "specificity is essential." *Id*.  Typically, "only trade secrets, information covered by a recognized privilege (such as attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault)" are enough to overcome the presumption of access. *Id.*

Should the Court order a document to be sealed, the Court must articulate why the interests supporting nondisclosure are compelling, why the interests supporting public access are not as compelling, and why the scope of the seal is no broader than necessary. *Id.* at 306.

The remaining dispute in BCBSM's motion to seal exhibits is over three sentences in a four-paragraph email chain and two slides in a 25-slide internal presentation, both marked "confidential" by BCBSM in discovery.  It seems the parties could have come to an agreement on three sentences and two slides.  All the same, the Court resolves the motion in BCBSM's favor.

BCBSM argues the three sentences in the email chain should be redacted because they describe a specific aspect of its claims processing logic that could be used as a roadmap by bad actors to perpetrate fraud, waste, and abuse. Specifically, these sentences describe information bad actors could include on

10

submitted claims to try to increase their reimbursement.  (ECF No. 162, PageID.6259-60).  According to the defendant, the two slides describe red flags its investigation unit looks for to identify potential fraud, waste, and abuse and could be used as a roadmap to evade detection by the investigation unit.  BCBSM insists the public need not view these sentences or slides to understand the SAC or the Court's ruling on the motion for leave to file the SAC.  (*Id.* at PageID.6260-61).

Comau argues against sealing or redacting because the information in the three sentences is publicly available in other documents that BCBSM agreed to de-designate as confidential.  (ECF No. 168, PageID.6662).  BCBSM rebuts this with compelling argument that the information in this particular email is more specific providing specific "indicators" a bad actor could use to try to game the system (should BCBSM begin using the logic again).  (ECF No. 169).  Comau also argues the information in the two slides is publicly available and presents only generic information about fraud detection.  (ECF No. 168, 6663-64).  Again, BCBSM argues what is on these two slides is more specific—they provide data points BCBSM uses to detect fraud.  A bad actor might steer clear of these data points to avoid detection.

BCBSM's requests are narrowly tailored to achieve their goal of preventing potential future fraud.  It is conceivable that a healthcare provider with bad intent could use the information to tailor its payment submissions in a way to attempt to

game the system.  BCBSM's argument that both items to be redacted are more detailed than a generic statement about fraud and what is publicly available is well taken.  BCBSM has also made the case that the public does not have great interest in viewing these portions of the record because the information does not help to understand the pleadings or arguments about leave to amend.

The motion is **GRANTED**.  BCBSM is **DIRECTED** to file unredacted, unsealed versions of those exhibits no longer contested and a redacted, unsealed version of the two documents addressed here within **14 days** of this Order.  Comau is **DIRECTED** to file an unsealed version of the SAC within **14 days** of this Order.

C.    Plaintiff's Motions to Compel (ECF Nos. 92, 121), BCBSM's Motion for Protective Order (ECF No. 151)

In light of the Order granting Comau leave to file a second amended complaint, the arguments raised in Comau's motions to compel at ECF Nos. 92 and 121 and BCBSM's motion for protective order against depositions (ECF No. 151) are stale.  At ECF No. 92, Comau seeks to depose various BCBSM employees or former employees.  BCBSM's objections to those depositions largely revolved around its argument that the requests were irrelevant because they did not relate to the claims in the FAC.  They filed a motion to prevent these depositions from going forward for that reason.  The second motion seeks an order compelling responses to interrogatories and requests for documents.  Here, too, BCBSM

12

objected on the grounds of relevance and burden arguing the requests were not relevant to the claims in the FAC.

Since the SAC makes some changes to the claims, ruling on specific arguments in these three pending motions would not be an exercise in judicial economy.  That said, BCBSM's arguments against the discovery alleging that they seek information not relevant to the FAC now appears moot.  The Court will **GRANT** Plaintiff's motions to compel, but without prejudice to BCBSM objecting to those discovery requests that have not been addressed by the Court.  BCBSM's motion for protective order is **DENIED AS MOOT**, but again without prejudice to the company raising proper objections to the noticed depositions.  To allow for the completion of discovery, discovery will be extended three months from this Order, to **September 30, 2022**.  Dispositive motion cut-off will be **October 31, 2022**, or a date to be set by the District Judge.[3]  The parties should confer on remaining discovery disputes and anticipated lines of discovery to find the most efficient means to complete discovery by this deadline.

   **IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not

---

[3] Remaining case deadlines will be determined by the District Judge.

assign as error any defect in this Order to which timely objection was not made.

Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order

to which the party objects and state the basis of the objection.  When an objection

is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling

remains in full force and effect unless and until it is stayed by the magistrate judge

or a district judge.  E.D. Mich. Local Rule 72.2.


Date: June 30, 2022                              s/Curtis Ivy, Jr.
                                                 Curtis Ivy, Jr.
                                                 United States Magistrate Judge